laDECUIR, Judge.
Robert Otterstatter appeals certain rulings issued in a divorce decree dissolving his twenty-three year marriage to Donna Otterstatter. The questions raised by Robert are whether the trial judge appropriately assigned a rental value to the family home for Robert’s use of the home prior to a community property settlement and whether the trial judge properly calculated the parties’ wages for purposes of determining the child support obligation.
Donna Otterstatter moved out of the family home in July of 1998. She then filed a petition for divorce and prayed for an order requiring Robert to make monthly rental payments to her for his use of the family home. Robert filed a reconventional demand. He did not ask for exclusive use of the family home. At trial, he testi *300 fied that he pays the house note and insurance on the home. Both parties testified to a hypothetical and speculative monthly amount for which the home could be rented: Donna said $750.00 and Robert estimated between $525.00 and $550.00. It was stipulated that the parties had agreed to list the house for sale within thirty days of the divorce decree.
In the divorce decree, the trial judge granted Robert use of the family home, although Robert had not petitioned the court for such an award. The court also assessed a $750.00 rental value against Robert and in favor of Donna. Additionally, Robert was ordered to pay $651.09 per month in child support.
Our review of the record compels us to reverse the $750.00 rental assessment against Robert. First, there is no indication in the record that the trial judge considered the best interest of the family and the other specific factors provided in La.R.S.9:374(B) in awarding the use and oecupancy of the family home to Robert. [¡¡Consequently, the award of rent, made without regard to those same considerations, has no foundation in the record. See McCarroll v. McCarroll, 96-2700 (La.10/21/97); 701 So.2d 1280. Rather, what the record does show is that Robert pays the monthly note, insurance, and taxes on the home, maintains it, and is preparing to list it for sale. The record does not show that the trial judge considered these facts in making the rental award.
Second, the $750.00 monthly rental was not based on competent evidence. Donna admitted that she has never tried to rent the house and really does not know how much it would rent for. There was no evidence that she has any particular experience or expertise in real estate rentals. The $750.00 figure was merely a guess, and the award based on such speculation was erroneous.
Third and finally, the rental assessment against Robert ignores the fact that the home remains a part of the community between Robert and Donna. As a practical matter, if Donna would be entitled to receive rental payments from Robert, she could receive only half of the fair monthly value for his use of her half of the home. After all, Robert owns the home with Donna, has the right of occupancy, and would be entitled to his share of the income generated by this piece of community property. Considering all of these factors, we reverse the award of rental payments in favor of Donna.
We turn now to the calculation of wages for purposes of determining the parties’ child support obligation for their two minor children. The evidence reveals that both Donna and Robert work in the oil field. Given the nature of the industry, they are both subject to periodic layoffs and times when there is simply no work for them to do, and hence no pay. On the other hand, there are times when the work is plentiful, and they can take as many extra shifts as they wish. Robert testified that [4he works as much as he can when business is good because “the next week you might not have a job.” In this way, he tries to counter the effects of the slow periods.
In calculating their wages, the trial judge looked only at the jobs Donna and Robert held at the time of the hearing. Donna had been with the same company for eleven months. The judge looked at her W-2 form for 1998 and her 1999 paycheck stubs. He then calculated her average monthly income over the past eleven months. For Robert, the judge examined the check stubs that Robert had brought to court. He disregarded the income for September of 1998 because Robert had just started his job. The only paycheck in October was disregarded, as was February of 1999, a month when Robert took one week of vacation and was laid off for two weeks. The trial judge then averaged Robert’s income for November and December of 1998 and January and March of 1999. (The hearing was held in April of *301 1999.) Robert testified that he worked offshore 28 of 31 days in December and 22 of 31 days in March to earn extra money to pay bills.
By adding in Robert’s busy months and disregarding his slow months, the trial court ignored the cyclical nature of oil field work. Additionally, to remove from the wage calculation Robert’s partial months of work, but not Donna’s, is patently unfair. Donna’s 1998 W-2 does not reflect periods of slow business, lay-offs, or initial employment in the latter half of a month. Robert’s check stubs do reflect these conditions. He should not be penalized because his evidence was more revealing than Donna’s.
We conclude the trial court erred in calculating Robert’s and Donna’s wages differently. Accordingly, we find Robert’s average monthly wage at Newpark Drilling Fluids, his employer at the time of trial, to be $2,540.00, while Donna’s average monthly wage as determined by the trial judge is $1,900.00. The parties’ | stotal monthly income is $4,440.00, 57.2% of which is provided by Robert and 42.8% of which is provided by Donna. According to the child support guidelines, La. R.S.9:315.14, for an income of $4,440.00 with two children, the basic child support obligation is $985.00, plus the cost of health insurance premiums. The check stubs in the record indicate that Robert pays $79.80 every two weeks for family medical and dental insurance. The court concluded that the portion of the premium which can be allocated to the children’s coverage is $110.00 per month. In accordance with La.R.S.9:315.4, we must therefore add $110.00 to the basic child support obligation of $985.00 for a total of $1,095.00. Robert’s 57.2% share of the support obligation is $626.34, and he is entitled to a credit for the insurance premiums paid directly from every paycheck. Accordingly, Robert is ordered to pay $516.34 per month in child support.
For the above and foregoing reasons, the trial court’s assessment of rental payments against Robert Otterstatter is reversed, and the amount of child support he is obligated to pay to his former wife is amended and recalculated to $516.34. Costs of this appeal are charged to Donna Otterstatter.
REVERSED AND RENDERED.